UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELIAS SOARES VIERA, et al., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-0495-RLY-DML |
| | ) | |
| ELI LILLY AND COMPANY, et al., | ) | |
|     Defendant. | ) | |

**ENTRY GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

Plaintiffs in this case are Brazilian residents who have filed a ninety-three page Amended Complaint claiming to have suffered injury as a result of localized environmental pollution and contamination emanating from manufacturing sites located in the cities of Paulinia and Cosmopolis, Brazil. The Defendants are six U.S. corporations. Plaintiffs claim that Defendants and their "Brazilian subsidiaries" caused the pollution and contamination which injured them. Plaintiffs have asserted claims of negligence, gross negligence, strict liability and wrongful death. They also claim that the Defendants' tortious actions were in violation of the "laws of nations" as that term is used in Alien Tort Claims Act, 28 U.S.C. § 1350. All Defendants have joined in a motion to dismiss Plaintiffs' Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6), asserting that Plaintiffs' Amended Complaint fails to raise a right to relief. Defendants BASF Corporation and American Cyanamid have each filed an individual motion to dismiss,

1

which motions are mooted by the court's resolution of the joint motion.

**I. Standard for Motion to Dismiss for Failure to State a Claim**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, an action may be dismissed for "failure to state a claim upon which relief may be granted." In order to survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (holding that the complaint must offer more than labels, conclusions, or "' naked assertion[s]' devoid of further factual enhancement") (citations omitted). Said another way, the complaint must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and through [its] allegations, show that it is plausible, rather than merely speculative, that [plaintiff] is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations omitted). In considering whether the plaintiff has sufficiently stated a claim, the court draws all reasonable inferences in the plaintiff's favor and accepts as true all well-pled factual allegations. *Blagojevich*, 526 F.3d at 1081; *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). However, a plaintiff's allegations are admissions as well which, under certain circumstances, may give rise to an adverse determination based solely upon those admissions. *Jackson v. Marion County*, 66 F.3d

151, 153-54 (7th Cir. 1995).

**II. Discussion**

    **A. Alien Tort Statute Claim**

The Alien Tort Statute ("ATS") has been the subject of much academic and judicial debate since it rose from over a century and one-half of dormancy to be cited as a jurisdictional basis for foreign citizens to obtain justice in the federal courts of the United States of America for "torts" committed against them. One issue within the discussion which has drawn a fair amount of attention is whether the ATS may be used to pursue corporate liability for claimed violations of human rights. *See* Michael Koebele, *Corporate Responsibility Under The Alien Tort Statute,* 10 Hum. Rts. L. Rev. 383 (June 2010). The ATS is a single sentence statute, passed by Congress very early (1789) in our country's history which states: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S. C. § 1350.

Within the last month, the United States Court of Appeals for the Second Circuit handed down its decision in *Kiobel v. Royal Dutch Petroleum Co.*, __ F.3d __, 2010 WL 3611392 (2nd Cir. Sept. 17, 2010), which decision includes an extensively detailed examination of the ATS, and its application to nations, individuals and corporations.

Both discussing the nature of and drawing upon "customary international law," the Second Circuit concludes that the jurisdiction granted by the ATS is intended to allow the federal courts to hear only limited types of foreign relations cases involving allegations of violations of the "law of nations " and ratified international treaties. Such cases do not include those which allege violations of aspirational agreements, but are more generally confined to cases involving agreements such as those which define international crimes, such as torture and genocide, that violate norms universally accepted in the civilized world . *Id*. at *3. Such violations may be charged against States or individuals, but looking across international decisions invoking the "law of nations," the Second Circuit found no precedent for its application to the actions of corporations, likely because there is no specific, universal and obligatory norm for corporate liability among the nations. *Id*.

This court finds the reasoning of the Second Circuit persuasive, though the deficiencies in the Amended Complaint in the case at bar are such that it would likely not survive scrutiny even if the court chose not to adopt the view that the ATS cannot provide federal court jurisdiction over claims based on voluntary actions taken by a corporation. The Supreme Court has previously made it clear that the ATS provides no substantive cause of action and that federal courts must be skeptical of attempts to invoke their jurisdiction via the ATS to hear claims outside of the modest number of international law violations recognized in the common law at the time of the statute's passage as having potential for personal liability. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 724 (2004). This

4

case does not pass the high bar the Supreme Court has said must be cleared to make an ATS claim viable. *Id.* at 728.

In *Sosa* a Mexican national was asking our federal courts to recognize a common-law cause of action, under the "law of nations," against a Mexican national who was involved in the wrongful abduction of an individual from Mexico to the United States for purposes of standing trial. *Id*. at 697-99. In concluding that federal jurisdiction under the ATS was not properly invoked, the Supreme Court stated:

> We think it is correct, then, to assume that the First Congress understood that the district courts would recognize private causes of action for certain torts in violation of the law of nations, though we have found no basis to suspect Congress had any examples in mind beyond those torts corresponding to Blackstone's three primary offenses: violation of safe conducts, infringement of the rights of ambassadors, and piracy. We assume, too, that no development in the two centuries from the enactment of § 1350 to the birth of the modern line of cases beginning with *Filartiga v. Pena-Irala*, 630 F.2d 876 (C.A.2 1980), has categorically precluded federal courts from recognizing a claim under the law of nations as an element of common law; Congress has not in any relevant way amended § 1350 or limited civil common law power by another statute. Still, there are good reasons for a restrained conception of the discretion a federal court should exercise in considering a new cause of action of this kind. Accordingly, we think courts should require any claim based on the present-day law of nations to rest on a norm of international character accepted by the civilized world and defined with a specificity comparable to the features of the 18th-century paradigms we have recognized.

*Id*. at 724-25.

In this instance, Plaintiffs allege that Defendants (and/or their subsidiaries)

5

intentionally violated recognized health and safety standards in disposing of certain chemicals at manufacturing facilities in two Brazilian cities. Plaintiffs admit in their response briefs that it is unclear whether the ATS would support a claim for such acts. This court believes it is clear that it would not. It goes without saying that recognized health and environmental standards differ within the States of this country, let alone between the countries of the world. *See Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161 (5th Cir. 1999)(dismissing claims brought under ATS by Indonesian citizen stating that there was no showing that there is any customary international norm which could be identified with respect to environmental responsibility). Plaintiffs' assertion that there exists some enforceable international norm upon which they may proceed under the ATS is not sustained by the aspirational conventions they cite in support thereof. The allegations of the Amended Complaint contain a reference to certain agreements[1] which Plaintiffs refer to as treaties and contend amount to sufficient international standards for this court to accept jurisdiction under the ATS, but, as pointed out by Defendants, none of these so-called treaties or international agreements has been ratified by the United States. In the end, this court concludes that there is no basis under the "law of nations" for it to invoke jurisdiction pursuant to the ATS.

---

[1]The agreements referenced in the Amended Complaint are: *The Vienna Declaration and Programme of Action* (a declaration adopted by the 1993 World Conference on Human Rights)*; The Prevention of Major Industrial Accidents Convention* (a convention established at the 1993 General Conference of International Labour Organization); and, *The Tripartite Declaration of Principles Concerning Multinational Enterprises and Social Policy* (adopted by the Governing Body of the International Labour Office in 2000 at its 279th Session in Geneva, Switzerland).

### B. Traditional Tort Liability

Dismissing Plaintiffs' separate "international tort" claim under the ATS does not end the discussion here. Plaintiffs have still alleged the traditional common law tort claims of negligence, gross negligence, strict liability and wrongful death and jurisdiction over such claims by foreign citizens against American citizens can be had under 28 U.S.C. § 1332(a)(2). But, under whose common law is liability alleged? Defendants asked that question in their supporting brief, but Plaintiffs failed to answer it in their response. Nor have Plaintiffs filed the necessary notice under Fed.R.Civ.P. 44.1, if they are intending to rely upon law from outside the United States.

Where it is the diversity of the parties' citizenship which forms the basis for federal court jurisdiction, the trial court is required to apply the choice of law rules of the state where it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). There is a threshold question which must be answered regarding whether there is any significant difference in the applicable laws of the competing jurisdictions, but absent circumstances where the place of the tort bears little connection to the lawsuit, Indiana still applies the traditional *lex loci delicti* rule when determining choice of law for tort claims. *Hubbard Mfg. Co. v. Greeson,* 515 N.E.2d 1071 (Ind. 1987). Plaintiffs' Amended Complaint clearly alleges that the wrongs took place in Brazil, causing harm in Brazil to Brazilian citizens. The only connection with any of the United States is that the

Defendants are alleged to have made certain decisions in their U.S. home offices with regard to shipping certain chemicals to their subsidiaries in Brazil, knowing that the chemicals were toxic and would be put into the environment in Brazil.

Judge David F. Hamilton, while serving as a judge in this district court, was asked by a Liberian plaintiff pursuing an ATS claim to allow an amendment to the complaint so as to allow that plaintiff to pursue common law Indiana tort claims in addition to the ATS claim he originally alleged. *Roe v. Bridgestone Corp.*, 2008 WL 2732192, *2 (S.D. Ind July 11, 2008).[2] Judge Hamilton determined that the plaintiff's tort allegations clearly placed all of the important connections within Liberia and that it would be inequitable for the court to make the defendant, as opposed to the plaintiff, show that there was no important difference between Indiana and Liberian tort law before reaching the obvious conclusion as to which law applied. In so doing, he stated:

> Plaintiffs also argue that defendants have failed to satisfy the threshold requirement for a choice of law problem, a showing that Indiana law and Liberian law differ in an important way. *See Simon*, 805 N.E.2d at 805; *Hubbard*, 515 N.E.2d at 1073. In this case, the court does not believe the

---

[2]This court recognizes that in the same case, Judge Hamilton allowed an ATS claim against a corporate defendant to proceed based on an allegation that the corporate defendant purposefully disregarded international norms with respect to child labor at its Liberian rubber plantations. *See Roe v. Bridgestone Corp*., 492 F.Supp.2d 988. 1019-1021 (S.D.Ind 2007). Nevertheless, that decision was made without the benefit of the Second Circuit's in-depth analysis in *Kiobel v. Royal Dutch Petroleum Co.*, __ F.3d __, 2010 WL 3611392 (2nd Cir. Sept. 17, 2010). In addition, the uniformity of international agreements on basic restrictions against the use of children under the age of ten as a labor force is much more readily shown than any agreement with regard to the details of how various harmful chemicals are to be stored, used and disposed of.

8

> burden can fairly be placed on defendants to undertake that effort of exploring and analyzing Liberian law. Most choice of law cases, including *Simon* and *Hubbard*, present a choice between the laws of two or more States of the United States, where there is a plausible argument for applying the different States' laws and where their law is reasonably accessible to lawyers throughout the United States. Before defendants should be required to take on the burden of learning Liberian law, plaintiffs should need to come forward with at least a plausible basis for applying Indiana law. They have not done so. As noted, all plaintiffs reside in Liberia, all alleged wrongs occurred in Liberia, and all alleged harm was suffered in Liberia.

*Id*.

While postured somewhat differently here, this court faces similar issues with regard to the application of Brazilian law. Plaintiffs' own pleadings admit to facts which clearly point to Brazil as the applicable law under Indiana's choice of law rules, making the application of Indiana law untenable. However, because Plaintiffs have not filed a foreign law notice under Fed. R. Civ. P. 44.1, the only fair reading of their Amended Complaint is that it premises Defendants' liability on Indiana law. Defendants ask the court to rule that Plaintiffs can only proceed under Brazilian tort law. They also ask the court to rule that Plaintiffs' pleadings establish that their claims are barred by the applicable statute of limitations, which they contend is Indiana's two-year statute, a procedural as opposed to substantive provision.

Indeed, because Indiana treats its statutes of limitation as a procedural constraint on when a suit may be filed, the court would conduct any inquiry into the possibility that a

Plaintiff's claim is time barred pursuant to Indiana's two-year deadline. *Autocephalous Greek-Orthodox Church of Cyprus v. Goldberg & Feldman Fine Arts Inc.*, 717 F.Supp. 1374, 1385 (S.D. Ind. 1989); *Smither v. Asset Acceptance, LLC,* 919 N.E.2d 1153, 1158 (Ind. App. 2010). However, the court believes that such a detailed inquiry is unnecessary at this point.

To the extent that Plaintiffs' Amended Complaint seeks damages for tort claims based upon ATS jurisdiction and the "law of nations" and also to the extent that the claims asserted by Plaintiffs are based on Indiana substantive law, we have determined that those claims should be dismissed with finality. Without more, the case would be ripe for an appeal.

To the extent Plaintiffs seek to pursue their tort claims against Defendants under Brazilian law, Plaintiffs need to file notice with this court of their reliance on foreign law, which they have not done. Rule 44.1 requires that a party relying on foreign law let the court know through a "pleading or other writing," but does not set forth a time limitation for providing the same. While a party's failure to timely provide notice of reliance on foreign law may result in a waiver of that law's application, the failure alone is not a basis for a dispositive ruling. *See, e.g., Shonac Corp. v. AMKO Int'l, Inc.,* 763 F.Supp. 919, 940 n.2 (S.D. Ohio 1991)( plaintiff waived applicability of Korean law by waiting too long to notify of its reliance on same); *see also*, *generally*, 9 J. Moore et al., *Moore's*

*Federal Practice* § 44.1.03 (3d ed. 2010). Accordingly, a complete dismissal of the case with prejudice would not be appropriate without allowing Plaintiffs an opportunity to file notice of reliance on foreign law. There are more than forty-five Plaintiffs and it would be an ineffective use of the court's time now to pour through the analysis of whether the facts pled with regard to each of them establishes a time bar with respect to his or her claim if, indeed, Plaintiffs do not seek to pursue claims in this case other than those which we have decided should be dismissed. If that is the case, then an appeal rather than further argument here would be the appropriate route for Plaintiffs to pursue.

Accordingly, the court will provide Plaintiffs with a time period in which they can notify the court of their reliance on Brazilian law, if they so rely. If they do not rely on Brazilian law in asserting their claims, or if they do not provide notice of such reliance within thirty (30) days of this order, Plaintiffs' Amended Complaint will be dismissed with prejudice in its entirety on the basis of the analysis provided earlier in this entry.

### III. Conclusion.

Defendants Joint Motion to Dismiss (Docket # 72) is **GRANTED IN PART**, insofar as Plaintiffs' claim against Defendants based upon the ATS is dismissed with prejudice and, to the extent Plaintiffs' seek to recover against Defendants based upon Indiana tort law, Plaintiffs' claims are dismissed with prejudice. To the extent Plaintiffs are relying on Brazilian tort law in asserting their claims of negligence, gross negligence

11

and strict liability, Plaintiffs must file the required notice of reliance on foreign law pursuant to Fed.R.Civ.P. 44.1 within thirty (30) days of this entry.[3] If no such notice is filed, Plaintiffs' Amended Complaint will be dismissed in its entirety.

Defendant BASF's Motion to Dismiss (Docket # 75) and Defendant American Cynamid Company's Motion to Dismiss (Docket # 77) are **DENIED AS MOOT**. Should Plaintiffs file notice pursuant to Rule 44.1, as indicated above, these Defendants may renew their motions by filing a notice of same, and no further briefing on the motions will be required or allowed without good cause.

**SO ORDERED** this 30th day of September 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

---

[3]The court cautions Plaintiffs against a knee-jerk filing of the Rule 44.1 notice so as to simply keep the case "alive." Defendants have made arguments with regard to the impact of the applicable Indiana statute of limitations which, on the face of the pleadings to date appear to be well taken in many if not most instances. And, while it may not be common for a court to toss out a claim as untimely at the motion to dismiss stage, there is authority for doing so when a Plaintiff has pled facts which establish a statute of limitations defense as a matter of law. *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7dth Cir. 2006). Furthermore, there is no denying that at first blush this dispute appears to be one that should be decided in the jurisdiction where the alleged pervasive harm was caused; and, indeed Defendants have contended that such litigation involving most of these Plaintiffs has already been initiated in Brazil. Plaintiffs should consider carefully the impact of any coextensive or past litigation efforts brought on behalf of these Plaintiffs in Brazil upon any efforts they might renew in this court based on Brazilian law.

Electronic Copies to:

Dean T. Barnhard
BARNES & THORNBURG LLP
dean.barnhard@btlaw.com

Bradford A. Berenson
SIDLEY AUSTIN LLP
bberenson@sidley.com

Brant W. Bishop
KIRKLAND & ELLIS LLP
brant.bishop@kirkland.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Joshua B. Fleming
FROST BROWN TODD LLC
jfleming@fbtlaw.com

William A. Hahn
BARNES & THORNBURG LLP
william.hahn@btlaw.com

Richelle Marie Harris
FROST BROWN TODD LLC
rharris@fbtlaw.com

Don R. Hostetler
HOOVER HULL LLP
dhostetler@hooverhull.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Richard D. Klingler
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005

Mary Nold Larimore
ICE MILLER LLP
larimore@icemiller.com

Jason Levin
STEPTOE & JOHNSON LLP
jlevin@steptoe.com

Melanie D. Margolin
FROST BROWN TODD LLC
mmargolin@fbtlaw.com

Jimmie Lamar McMillian
BARNES & THORNBURG LLP
jmcmillian@btlaw.com

J. Scott Murphy
ALLEN & MURPHY, P.A.
scottmurphy@floridatriallawyer.com

Lawrence P. Riff
STEPTOE & JOHNSON LLP
lriff@steptoe.com

Aaron G.R. Rubin
ORRICK HERRINGTON & SUTCLIFFE LLP
agrubin@orrick.com

Wallace M. Rudolph
RUDOLPH, GOTSCHALL AND OSBORNE P.A.
wmr337@hotmail.com

Philippa Scarlett

KIRKLAND & ELLIS LLP
philippa.scarlett@kirkland.com

Kevin C. Schiferl
FROST BROWN TODD LLC
kschiferl@fbtlaw.com

Michael D. Shumsky
KIRKLAND & ELLIS LLP
michael.shumsky@kirkland.com

Daniel J. Thomasch
ORRICK HERRINGTON & SUTCLIFFE LLP
dthomasch@orrick.com

Melanie F.A. Vitalis
ICE MILLER LLP
melanie.vitalis@icemiller.com

Laurie Straugh Weiss
ORRICK HERRINGTON & SUTCLIFFE LLP
lstrauchweiss@orrick.com