UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ELIAS SOARES VIERA, et al.,     )
    Plaintiffs,              )
                                )
  vs.                           )      1:09-cv-0495-RLY-DML
                                )
ELI LILLY AND COMPANY, et al.,  )
    Defendants.              )

**ENTRY DENYING PLAINTIFFS' MOTION TO RECONSIDER**

Before the court is Plaintiffs' Motion To Reconsider. On September 30, 2010, the court dismissed with prejudice Plaintiffs' claims based on the Alien Tort Statute ("ATS") and Indiana tort law. In that same order, the court professed its uncertainty as to the law that Plaintiffs were claiming would apply to their tort claims, stating: "Plaintiffs have not filed a foreign law notice under Fed. R. Civ. P. 44.1," and "[t]o the extent Plaintiffs seek to pursue their tort claims against Defendants under Brazilian law, Plaintiffs need to file notice with this court of their reliance on foreign law." The court apprised Plaintiffs that unless they "file the required notice of reliance on foreign law pursuant to Fed. R. Civ. P. 44.1 within thirty (30 days) of the order, " the Amended Complaint would be construed to present only Indiana common law claims and therefore "will be dismissed in its entirety."

The Plaintiffs did not file a notice of reliance on foreign law, and did not seek reconsideration of the September 30, 2010 order. Instead, on October 28, 2010, they filed

1

a "Notice of Voluntary Dismissal." Defendants' retort on November 4, 2010, was a request that judgment be entered in their favor, noting that the court had already dismissed the only claims it was certain were being pursued by Plaintiffs, and the failure to file a notice of reliance on foreign law indicates that there are no other claims pending. In short, Defendants argued that the Notice of Voluntary Dismissal was of no effect. Plaintiffs offered no response, the court agreed with Defendants and dismissed Plaintiffs' Amended Complaint with prejudice.

Following the entry of judgment, on December 3, 2010, Plaintiffs filed the Motion to Reconsider which the court now addresses. Plaintiffs now assert for the first time that they intended to plead claims under Brazilian law, arguing that their February 25, 2010 Brief in Answer to Defendants' Motion to Dismiss provided sufficient notice of their reliance on foreign law. Plaintiffs also dispute the court's ruling on November 23, 2010, that their Notice of Voluntary Dismissal had no effect. Neither of these arguments is convincing.

In their brief in response to Defendants' Motion to Dismiss, Plaintiffs made a confusing reference to Brazilian law and its similarities to all common law derived from the original Napoleonic Code. Even if that was Plaintiffs' attempt to notify the court through their response brief that they were relying on Brazilian law, the fact that the court did not understand that to be the case and asked for confirmation through the filing of a more formal notice under the rules, certainly did not prejudice Plaintiffs. What has

prejudiced Plaintiffs is their untimely or nonexistent responses to this court's orders and the pleadings filed by Defendants.

The Plaintiffs were given a chance to make clear their intention to pursue claims under the laws of Brazil and did not do so. The court's interpretation was that there was no such claim being made in the Amended Complaint, so the dismissal of their Alien Tort Act Claim and any claim brought pursuant to Indiana law, which dismissal Plaintiffs say they do not contest now, had no effect on the merits of any claims Plaintiffs may have pursuant to the laws of Brazil. Further, the Notice of Voluntary Dismissal had no effect because the court had already dismissed all of the claims it understood were being pursued. Consequently, Plaintiffs' Motion to Reconsider (Docket # 99) is hereby **DENIED**.

**SO ORDERED** this 31st day of May 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Dean T. Barnhard
BARNES & THORNBURG LLP
dean.barnhard@btlaw.com

Bradford A. Berenson
SIDLEY AUSTIN LLP
bberenson@sidley.com

Brant W. Bishop
KIRKLAND & ELLIS LLP
brant.bishop@kirkland.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Joshua B. Fleming
FROST BROWN TODD LLC
jfleming@fbtlaw.com

William A. Hahn
BARNES & THORNBURG LLP
william.hahn@btlaw.com

Richelle Marie Harris
FROST BROWN TODD LLC
rharris@fbtlaw.com

Don R. Hostetler
HOOVER HULL LLP
dhostetler@hooverhull.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Richard D. Klingler
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005

Mary Nold Larimore
ICE MILLER LLP
larimore@icemiller.com

Jason Levin
STEPTOE & JOHNSON LLP
jlevin@steptoe.com

Melanie D. Margolin
FROST BROWN TODD LLC
mmargolin@fbtlaw.com

Jimmie Lamar McMillian
BARNES & THORNBURG LLP
jmcmillian@btlaw.com

J. Scott Murphy
ALLEN & MURPHY, P.A.
scottmurphy@floridatriallawyer.com

Lawrence P. Riff
STEPTOE & JOHNSON LLP
lriff@steptoe.com

Aaron G.R. Rubin
ORRICK HERRINGTON & SUTCLIFFE LLP
agrubin@orrick.com

Wallace M. Rudolph
RUDOLPH, GOTSCHALL AND OSBORNE P.A.
wmr337@hotmail.com

Philippa Scarlett
KIRKLAND & ELLIS LLP
philippa.scarlett@kirkland.com

Kevin C. Schiferl
FROST BROWN TODD LLC
kschiferl@fbtlaw.com

Michael D. Shumsky
KIRKLAND & ELLIS LLP
michael.shumsky@kirkland.com

Daniel J. Thomasch
ORRICK HERRINGTON & SUTCLIFFE LLP
dthomasch@orrick.com

Melanie F.A. Vitalis
ICE MILLER LLP
melanie.vitalis@icemiller.com

Laurie Straugh Weiss
ORRICK HERRINGTON & SUTCLIFFE LLP
lstrauchweiss@orrick.com